STATE, *ex rel.* BEN D. THURSBY, individually and as County Commissioner of Volusia County; and W. MAXWELL HANKINS, individually and as County Commissioner of Volusia County, v. PETER GESSNER, JOHN H. GRAHAM, and E. A. LATHAM, as County Commissioners of Volusia County.

168 So. 529.

Opinion Filed May 21, 1936.

*Tom B. Stewart* and *J. A. Scarlett,* for Relators.

PER CURIAM.—In the selection of inspectors and clerks of election to serve at primary elections held pursuant to Section 355 C. G. L., 299 R. G. S., 419 C. G. L., 362 R. G. S., it is the duty of the Boards of County Commissioners, under Section 419 C. G. L., 362 R. G. S., construed in connection with Section 305 C. G. L., 249 R. G. S., to provide (where shown to be practicable) for the appointment of election inspectors in such manner that not all of the elec-

tion inspectors appointed shall belong to the same political party where more than one political party is interested in the result of the primary election being held.

The statute (Section 356 C. G. L., 300 R. G. S., as amended by Chapter 13761, Acts 1929) contemplates that two or more political parties may, by virtue of having polled the requisite percentage of the total votes cast at a general election, become subject to the primary election laws of Florida. Where more than one political party has become subject to the primary election laws, the conditions of Section 305 C. G. L., 249 R. G. S., requiring the selection of inspectors of election composed of persons not all members of the same political party, should be followed where it is practicable to secure the services of qualified persons belonging to more than one of the participating parties to serve as inspectors of election.

It is also the duty of the Boards of County Commissioners in making selections of inspectors and clerks to proceed deliberately as a composite board duly convened in a legal session with opportunity for each qualified member of the Board to participate in the proceedings, but it is not within the province of the courts on mandamus to control the exercise of judgment on the part of the County Commissioners as to how the selections shall be made so long as every member of the Board is given a reasonable opportunity to be present and to be heard as a member of the Board concerning proposed appointments contemplated to be made by a majority of the Board's members.

The alternative writ of mandamus sought in this case goes beyond the province of this Court in the premises complained of. Therefore the alternative writ is denied but without prejudice to the right of relators to file an amended petition in the Circuit Court seeking appropriate

relief should they be advised of facts entitling them to relief in accordance with the law as enunciated in this opinion.

Alternative writ denied without prejudice.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.